# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JESSE A. DAUL,
       Plaintiff,

   v.                                                      Case No. 18-C-487

JOHN DOES,
       Defendants.

## DECISION AND ORDER

Pro se plaintiff Jesse Daul filed a complaint alleging that defendants violated his civil rights while he was incarcerated. This order resolves plaintiff's motion to proceed without prepayment of the filing fee and screens his complaint.

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated when he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee. On April 30, 2018, plaintiff filed a letter asserting that he is unable to pay an initial partial filing fee. He explains that he is currently homeless and unemployed and is not receiving any assistance for food, housing, or transportation.

Because plaintiff has neither the means nor the assets to pay an initial partial filing fee, I will waive the requirement that he pay one. I will grant plaintiff's motion to proceed without prepayment of the filing fee, but he must pay the $350 filing fee, as he is able.

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he "was forced to wear the same one pair of pants for one month." Docket No. 1 at 1. During that month, plaintiff was transferred from Dodge Correctional Institution to Waupun Correctional Institution, was out of his cell when

2

inmate pants were exchanged, and was given the wrong size pants. Plaintiff alleges that, on March 22, 2018, he complained to an officer who "had a very poor attitude" when plaintiff informed her of the proper policy. As a result of "her manner of speech," plaintiff "almost" assaulted staff. *Id.* at 2.

Later that day, plaintiff "had an outburst in the visiting room to make a show of how [Waupun] staff treat[] their inmates." *Id.* at 2. Plaintiff explains that he was taken to the restricted housing unit because of his "outburst." He alleges that officers used excessive force during that process, "which caused significant welts when [plaintiff] was unable to walk at the pace of officers while in shackles." *Id.* at 2-3. Plaintiff also alleges that, instead of using a strip cage, officers tethered plaintiff to an open cell door, cut his clothes off, and touched his genitals without his consent in front of female officers.

Afterwards, officers placed plaintiff in a "safety cell without a mattress, a security blanket, soap, toothpaste and denied him toilet paper a multitude of times, except for 8 sheets twice." *Id.* at 3. Plaintiff further alleges that officers refused to feed plaintiff two meals and did not give him his medication for at least two days. He also asserts that they would not let him go into observation and they ignored his requests for psychological services.

According to plaintiff, he slept on the concrete floor in front of the vent for two days because there was fecal residue on the safety mat and he did not have a safety blanket. Plaintiff alleges that, despite his rectal area becoming irritated from a lack of toilet paper, officers did not allow him to take a shower for almost seven days.

Plaintiff seeks damages from the John Doe officers "for corporal conditions of confinement[,] for not providing adequate showers, bedding, hygiene, necessities,

3

psychological/intervention, clean linens and requiring [him] to stand naked in front of females." *Id.* at 3.

Plaintiff's allegation that he was strip searched in front of female officers fails to state a claim because "cross-sex monitoring of prisoners does not constitute cruel and unusual punishment under the Eighth Amendment." *Dye v. Loman*, 40 Fed.Appx. 993, 997 (7th Cir. 2002) (citing *Johnson v. Phelan*, 69 F.3d 144, 150-51 (7th Cir. 1995)). Nor does plaintiff state a claim for "excessive force" simply because the shackles around his ankles left welts when he was forced to walk at a faster pace than he was comfortably able to. *See Rice ex rel. Rise v. Correctional Medical Services*, 675 F.3d 650, 667-68 (7th Cir. 2012) (holding that the pertinent inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm") (citations omitted).

I require additional information before I can determine whether plaintiff's allegations about the conditions of his confinement state a claim upon which relief can be granted. A prison's "conditions violate the Eighth Amendment when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where [prison] officials are deliberately indifferent to this state of affairs." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (citations and internal quotations omitted). Put another way, "a prisoner must show that he has been severely harmed and that prison officials were deliberately indifferent to that harm." *Morris v. Kingston*, 368 Fed.Appx. 686, 688 (7th Cir. 2010). As to the objective element, "[u]nacceptable conditions include those that pose a substantial risk to inmate health or safety. . . . [Prison] conditions may

4

be uncomfortable, even harsh, without being inhumane." *Id.* (citations and internal quotations omitted).

I will allow plaintiff to file an amended complaint. If he chooses to do so, he should consider addressing the following questions: (1) How long was he in the "safety cell" and how long was he denied a mattress, a security blanket, soap, toothpaste, and toilet paper? (2) What effects, if any, did plaintiff experience as a result of the alleged conditions, including the denial of two meals and medication? (3) Who, if anyone, did plaintiff complain to about the alleged conditions and what response did he receive? I encourage plaintiff to include whatever details he believes will give me a full understanding of how he was harmed and whether defendants were deliberately indifferent to that harm.

If plaintiff wishes to file an amended complaint, he must do so by **June 25, 2018.** If plaintiff does not file an amended complaint by the deadline, I will dismiss this case based on his failure to diligently prosecute it. *See* Civil L.R. 41(c). If plaintiff no longer wishes to pursue this case, he does not need to take any further action.

The court is enclosing a copy of its complaint form and instructions. Plaintiff must use the space on pages two and three to describe how he believes the defendants violated his constitutional rights. If plaintiff does not know the names of the defendants, he may use John Doe placeholders, but he should specify how may John Does he is suing (*e.g.*, John Doe Correctional Officer #1, John Doe Lieutenant, etc.). If the space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page). An amended complaint takes the place of the prior complaint, and must be complete in itself; plaintiff cannot simply say, "Look at my first complaint for

further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If plaintiff files an amended complaint by the deadline, I will screen it under 28 U.S.C. § 1915A.

**THEREFORE**, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay the $350 filing fee as he is able. Plaintiff should forward payments to the clerk of court and clearly identify the payments by case name and number.

**IT IS FURTHER ORDERED** that on or before **June 25, 2018**, plaintiff shall file an amended complaint curing the defects in the original complaint as described in this order. The court will include with this order a blank complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify

the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 23rd day of May, 2018.

                                      s/Lynn Adelman
                                      LYNN ADELMAN
                                      United States District Judge